(Decided 10th January, 1889.)

. THE ORIENTAL INSURANCE ASSOCIATION OF BALTIMORE CITY *vs.* MICHAEL GLANCEY, use of CARROLL S. MACGILL.

*Insurance—Mutual benefit Company—Profert—Variance—Motion in arrest of Judgment—Measure of Recovery—Pleadings—Neglect to make Assessment.*

A mutual life insurance company was sued in *assumpsit* upon a certificate of membership in said company.   The declaration alleged a promise to pay $500 upon the death of the insured.   By the terms contained in the certificate and application it was stipulated, "that all suits shall only be for the benefit of an assessment made by the proper officers of the association."   It was also agreed by the insured in these words :   "If the amount of one mortality assessment paid by all the members holding certificates in force at the time of my death shall be less than the sum named in this application. then the amount of such assessment shall be received in full of all demands on account of this contract."   A

Oriental Ins. Association *vs.* Glancey.

verdict was rendered for the plaintiff. A motion in arrest of judgment was made, and the same was overruled, and judgment was entered on the verdict. On appeal it was HELD:

1st. That the certificate and application for it, not having been made part of the declaration, by profert, the motion in arrest because of the variance between them and the *narr.* was properly overruled.

2nd. That as under the contract the plaintiff could only sue for the benefit of an assessment on account of the death of the insured, and no assessment was made, a prayer of the defendant was properly rejected which defined the measure of recovery to be such sum only as would have resulted from the collection of an assessment at the time of the death of the insured, after making certain deductions for the expense fund according to the terms of the policy.

3rd. That if the pleadings had made a proper case, the plaintiff would have been entitled to recover for the neglect to make an assessment.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and McSHERRY, J.

*Charles L. Wilson,* and *R. Stockett Matthews,* for the appellant.

*Talbot J. Albert,* and *William M. Marine,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This is an action of assumpsit based upon a certificate of membership in a mutual life insurance company. The certificate is not fully set out in the declaration but is referred to as numbered 783. The declaration alleges, that it promises to pay five hundred dollars upon the death of the insured, Mrs. McGinty, to one Michael

Glancey, upon compliance with certain conditions, during the life of Mrs. McGinty, which conditions are alleged to be set out in the certificate and application therefor. These conditions are averred to have been complied with, and the death of the assured is alleged to have occurred, but the defendant is alleged to have neglected and refused to pay the five hundred dollars insurance money. The certificate and application for it are not, by profert, made part of the declaration. Had they been made part of the record, under the authority of *Curtis vs. Mutual Benefit Life Co.*, 48 *Conn.*, 98, which was approved in *Earnshaw vs. Sun Mutual Aid Society*, 68 *Md.*, 465, the judgment could properly be arrested because of the variance between them and the *narr.* But not having been made part of the record, the motion was properly overruled. Indeed they might have been excluded as evidence for the same reason, but no objection seems to have been made to them as evidence, and on that score there is nothing for us to review. The bill of exceptions presents but one question, namely, the correctness of the Court's action in rejecting the defendant's prayer, which was the only prayer offered at the trial. That prayer is as follows: "If the jury shall find for the plaintiff, their verdict can be for such an amount only as they may find would have resulted from the collection of an assessment at the time of the death of Mrs. McGinty, and the division of the proceeds among all the beneficiaries entitled *pro rata*, according to the face of their policies after deducting from the sum collected such sums as they shall find the company entitled to deduct for the expense fund according to the terms of the policy." By the express terms of the agreement between the parties, as stated in the application which is made a part of the certificate, it was stipulated "that all suits shall only be for the benefit of an assessment

made by the proper officers of the association." It was also agreed by the insured, in these words; "if the amount of one mortality assessment paid by all the members holding certificates in force at the time of my death, shall be less than the sum named in this application, then the amount of such assessment shall be received in full of all demands on account of this contract." By another provision in the certificate this amount so realized was again to be reduced by deduction of twenty-five per cent, for expense account. The same clause also provided for a reduction of a certain per centum for a reserve fund, which last reduction had in practice been abandoned. There were two policies on Mrs. McGinty's life, hence whatever sum would be realized by assessment because of her death would be distributable *pro rata* to the beneficiaries, but in fact there was no assessment made on account of her death. Indeed it was refused on the ground of fraudulent representations in the application. This defence was set up in the pleading, but seems to have been abandoned for lack of proof. There were some assessments after Mrs. McGinty died because of the death of other persons, but those proceeds were applicable to other policies and not to those of Mrs. McGinty. As under the contract the plaintiff could only sue for the benefit of an assessment on account of her death and no assessment was made, the measure of recovery in the case as made was not such as was set out in the prayer. If the pleadings had made a proper case the plaintiff would have been entitled to recover for the neglect to make an assessment, but that aspect is not before us.

There was no evidence how many members there were in good standing at Mrs. McGinty's death. How many would have responded and paid up when she died, if called upon, doe snot appear. The number

that did respond sometime afterward on the death of somebody else, does not establish a measure of recovery because of her death. The only certain way of knowing that, would have been an assessment when her death occurred or because of it. The prayer does not call the pleadings into review, and all the Court could do was to reject the prayer as offered, and leave counsel to their own devices before the jury. Upon what theory recovery was had we do not know; but there is nothing before us which will justify a reversal of the judgment.

*Judgment affirmed.*

(Decided 10th January, 1889.)