## MARGARET BAGLEY
### v.
## THE GRAND LODGE OF ANCIENT ORDER OF UNITED WORKING MEN OF ILLINOIS.

*Life Insurance—Conditions—Failure to Pay  Assessments—Forfeiture —Special Interrogatories—Evidence.*

1.   Under a provision in the constitution of a mutual benefit society, that a beneficiary certificate suspended by reason of non-payment of assessments " may be renewed if the member be living," there can be no waiver of such forfeiture by payment after the death of assured.

2.   The verdict below being for the defendant, error can not be assigned upon the failure of the jury to answer sp·cial interrogatories submitted by defendant, upon the understanding that they were not to be considered unless the verdict was for the plaintiff.

3. Where different documents are introduced in evidence, each purporting to be the constitution of an organization at a certain time, it is for the jury under proper instructions to find which was in force at the time in question.

[Opinion filed February 13, 1889.]

In error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. F. W. Becker, for plaintiff in error.

Mr. John P. Ahrens, for defendant in error.

Moran, J.   This action was brought upon a certificate, issued by appellee, certifying that J. H. Bagley, a master workman, degree member of Ætna Lodge, No. 159, located at Chicago, was entitled to participate in the beneficiary fund of the order to the amount of $2,000, which sum should at his death be paid to his mother, Margaret Bagley. Appellee contends that the right to receive the money mentioned in said certificate was forfeited before his death by the failure of said J. H. Bagley to comply with the conditions upon which the certificate was issued by the order, in that he neglected to pay certain assessments which had been regularly called for, and which the constitution of the order required to be paid in order to keep the said certificate valid and binding. The jury found a verdict for the defendant, and from the judgment entered thereon this appeal is prosecuted. The main question in the case is whether there was a forfeiture, and that depends on what were the provisions of the constitution which governed the order at the time the assessments, which were not paid, were called for.

Appellees introduced a pamphlet, which they claimed contained the constitution in force and which governed the order at the period in question, and appellant introduced a pamphlet containing a constitution which was earlier in date than that introduced by appellee, and which appellant claimed had never been properly amended or altered in the par-

ticulars that governed the levying or notifying members of assessments. Neither pamphlet was properly authenticated, but the objections to their introduction were not specifically put on that ground, but rested on the general ground of incompetency, so that it must be held that the pamphlets were properly admitted. Thompson on Trials, Sec. 694.

It was for the jury to find which was the constitution that governed the society at the time the facts of this case arose, and under a proper instruction from the court they found the constitution introduced in evidence by the appellee was the one. Assuming, as we must do, that so much of the finding was correct, we are of opinion that the facts in evidence fully justified the conclusion that there was a forfeiture in accordance with the provisions of said constitution. Counsel for appellant has ingeniously raised many points upon the construction of the constitution and by-laws of the order, which we have carefully considered, but do not deem it necessary to discuss, further than to say that we can not agree with any of counsel's various contentions in that regard.

After the death of J. H. Bagley the assessments which were due were paid to the proper officer of his lodge, and said officer gave receipts for such assessments, but said officer did not know at the time he received the money that said Bagley was dead. It is urged that the receipt of the money was a waiver of the forfeiture.

The constitution provides that where a beneficiary certificate is suspended by reason of non-payment of assessments, it "may be renewed if the member be living," upon conditions, etc. It is very clear that no officer of the lodge could by receiving the assessments waive the forfeiture, if the member is not living when the money is paid, and especially not where, when the money is paid, the death of the suspended member is concealed from the officer who takes the money.

It is urged as error that the jury failed to answer certain special interrogatories submitted by the defendant in the court below to be answered in case the general verdict was for the plaintiff. Appellant can not assign error on the failure of the jury to respond to requests made by his adversary. The

general verdict being for the defendant, the failure by the jury to answer interrogatories submitted by him, can not concern the plaintiff in the action.

We find no error in the record and the judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*

GARY, J., took no part in determining this case in this court.