# THE GRAND LODGE OF ILLINOIS INDEPENDENT ORDER OF MUTUAL AID

## v.

## MARY BESTERFIELD.

*Life Insurance—Mutual Benefit Societies—Certificate—Recovery on—Conditions—Evidence of Death—Assessments.*

1. When the laws of a society require that assessments shall be paid within a certain number of days "from the date of the notice" thereof, the date will be considered to mean the date it is delivered, or received, and not the date written therein, or the day it is mailed.

2. The question, in a given case, as to when a notice was received, is one of fact.

3. Where a condition in a certificate of an insurance association provides that assessments must be paid within thirty days from date of notice thereof, or the delinquent member be suspended, a given assessment need not be paid, where a beneficiary dies before such time has run, after the receipt of such notice.

4. It is too late to raise upon trial for the first time, the question of the adequacy of proofs of death.

### [Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. JOHN N. JEMISON, for appellant.

The failure of a member to pay an assessment within stipulated time, forfeits all claim upon the society by operation of law. Zoe v. Mut. Ben. Ass'n, 63 Md. 86.

Failure to pay assessment within a certain number of days after notice, forfeits membership and all benefits, and the party in his application agreed to be bound by the rules and regulations of the society. A failure or a neglect to pay an assessment within the time specified, will prevent any recovery upon the certificate after his death. Ben. Society v. Baldwin, 86 Ill. 479; Maderia v. Merchants Ben. Soc., 16 Fed. Rep. 749.

A waiver of forfeiture procured by false representations is void. Harris v. Equitable, etc., Society, 64 N. Y. 196.

The unauthorized act of the ministerial officers of a subordinate lodge can not operate to dispense with a member's duty to comply with the laws of the Grand Lodge, etc., in regard to the prompt payments of assessment. A benefit society is not estopped from enforcing a forfeiture of a policy for non-payment of an assessment by the fact that one of its sub-agents attempted, without special authority for the act, to collect past due assessments. Martin v. Universal Life, etc., 85 N. Y. 278; Underwood v. Farmers, etc., Ins. Co., 57 N. Y. 500.

That the members are bound by the laws of their society, the following authorities may be cited : Hawkshaw v. Knights of Honor, 29 Federal Reports, 772; Bagley v. The A. O. U. W., 31 Ill. App. 618.

In the Bagley case above cited, Moran, J., in delivering the opinion of the court, said: "After the death of J. H. Bagley, the assessments which were due were paid to the proper officer of the lodge, and said officer gave a receipt for such assessments, but said officer did not know at the time he received the money that said Bagley was dead."

Mr. GEORGE E. SWARTZ, for appellee.

Our Supreme Court has decided that in such a case as this, thirty days from date of notice means thirty days from the day it is delivered or received, and not the day written in the notice, or the day it is mailed. Protection Life Ins. Co. v. Palmer, Adm'r, 81 Ill. 88; see, also, Hall v. Sup. Lodge Knights of Honor, 24 Fed. Rep. 455; McCorkley et al. v. Texas Benev. Ass'n, 8 S. W. Rep. 516; Castener v. Farm. Mut. Ins. Co., 50 Mich. 273; Niblack on Mutual Benefit Societies, Secs. 284, 285.

That the association did not consider Besterfield as having forfeited his rights is shown by the levying of assessments Nos. 151 and 152, also by the receipt of payment of assessment No. 150.

" Every time the company makes an assessment against the assured, after he has failed to pay a previous assessment within the times prescribed by the rules, it waives the forfeiture of the policy for such failure to pay, and admits him

to be a member of the company, notwithstanding such failure." Niblack on Mutual Benefit Soc., Sec. 339 and Sec. 345; Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Mutual Life Ins. Co. v. Amerman, 119 Ill. 329–335; The American Mutual Aid Soc. v. Quire, 8 Ky. Law Reporter, 101; Stylow v. Wisconsin Odd Fellow's Mutual Life Ins. Co., 34 Northwestern Rep. 151.

"The demand and receipt of assessment by a society, made with full knowledge of the facts, is a distinct act of affirmance of the contract by the party entitled to avoid it, and will constitute a waiver of the right to annul the contract." Niblack on Mut. Benef. Soc., Sec. 339, page 358; Nat. Mut. Benef. Ass'n v. Jones, 84 Ky. 110; Viall v. The Genesee Mut. Ins. Co., 19 Barb. 440.

MORAN, P. J.   Appellee brought her action to recover the amount of a beneficiary certificate, issued by the appellant order to her husband, Henry Besterfield, in which certificate she is designated as the person to whom the sum of $2,000 should be paid in case of said Henry Besterfield's death.

Appellant defends against the claim on the grounds, first, that said Henry Besterfield was, at the time of his death, suspended for failure to pay certain assessments that had been theretofore called by the order; and second, that no proper proof of death was ever furnished to the Grand Lodge.

First.   The article of the constitution of appellant regulating the mutual aid fund, guarantees to each member in good standing at the time of his death, payment after his death to the person named in his beneficiary certificate of the sum of $2,000, and the accrued amount of his assessments.

Provision is made for making assessments on the members, and it is declared that "any member failing to pay such assessments to the financial secretary of his lodge within thirty days from the date of notice shall stand suspended, and shall not thereafter be entitled to the benefits of the mutual aid fund until he has been reinstated according to the laws of the order."

The evidence showed that assessment notice No. 150, calling for the payment of $1.28, was dated February, 1888, and

that it came to Henry Besterfield on March 10, 1883. He was then sick, and on March 20th, appellee gave to one Metzger, who was president of the subordinate lodge that sent out the notice, the amount of the assessment, and he paid it over to the financial secretary the next day, but after said Henry Besterfield was dead.

Where the laws of the society require that assessments shall be paid within a certain number of days " from the date of the notice " thereof, the date will be considered to mean the date it is delivered or received, and not the date written in the notice or the day it is mailed. Protection Life Ins. Co. v. Palmer, 81 Ill. 68; Bacon on Benefit Societies, Sec. 382.

The question as to when the notice was received is one of fact. Appellant made no proof as to when it was mailed.

The only witness that testified upon the subject was appellee, and she stated that this notice, with two others of later assessments, was received on March 19th. On cross-examination she said that some notice had come to hand in February, but not that it was a notice of this assessment.

The question was fairly submitted to the jury on the evidence under instructions, with which appellant finds no fault, and the verdict must be taken as determining that the assessment was paid within thirty days from the receipt of notice, and therefore that Henry Besterfield was not suspended, but was in good standing at the time of his death.

There being no suspension it was of no consequence that the money was not paid to the lodge till after his death. Indeed, as thirty days did not intervene between the receipt of the notice of assessment and his death, there was no need of paying it at all.

This is not like the case of Bagley v. The A. O. U. W., 31 Ill. App. 618, decided in this court and cited by counsel. In that case there was an actual suspension when the money was paid, and it was held that the receipt of the assessment after the member's death, the death being concealed from the officer who received it, did not waive the suspension or prevent the forfeiture of the certificate.

Second. There was evidence tending to show that certain

proofs of death were made out in attempted compliance with the requirements of the order and sent to the Grand Lodge. These were received without notice from the lodge to appellee that they were defective, and retained, without objection being raised till the trial. It was then too late for the order to raise the objection. Peoria M. & F. Ins. Co. v. Lewis, 18 Ill. 553; Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

This disposes of all the questions made by appellant.

There is no error, and the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*