## Henry F. Hibler v. Frederick M. Thomas.

1. Husband and Wife—*Duty of the Husband to Provide Necessaries.*—The law requires the husband to provide his wife and family with that which is necessary for their suitable maintenance according to their station in life. Ordinarily he will be presumed to assent to the wife making such purchases as in the conduct of her domestic concerns are proper for her management, but this presumption ceases when the husband gives the merchant notice not to sell to her on his credit, and he can not, after such notice, be bound, unless he neglects to procure the supplies necessary to the condition and situation of his family.

2. Same—*Notice by the Husband Not to Sell to the Wife.*—Where a husband notifies a merchant not to sell goods on credit to his wife and he is subsequently sued for goods sold to her after such notice, the burden is upon the husband, first, to establish his notice, and having done so, it shifts upon the merchant to show that the husband failed to furnish the necessary and suitable support to his wife and family.

Assumpsit, for goods sold, etc. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

Lawrence & Lawrence, attorneys for appellant.

Winter & Rearick, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $66.14 rendered by the Circuit Court in favor of appellee and against appellant in a suit originally brought before a justice of the peace to recover for merchandise sold to appellant's wife, to be used in appellant's family as "family expenses."

The parties to the suit are brothers-in-law and the evidence shows that ill-will had existed between them for a considerable length of time prior to the buying of the goods. They were sold after appellant had notified appellee not to sell any goods to his wife on credit, and after he had instructed his wife to purchase no more goods from appellee.

There is no dispute as to the amount of the goods sold or the price charged for them; but appellant contends, first, that not all the articles sold are embraced within the term "family expenses;" second, that appellant's wife had no right to pledge her husband's credit under the circumstances, and that appellee had no right to extend the credit after being notified by appellant not to do so.

Counsel do not point out what items of the account are not embraced within the terms, "family expenses." We have examined the list of items and do not discover any not suited to the social position and condition in life of appellant's family. We think all of the articles sold are properly included within the term.

The case hinges upon the other contention. The appellant having notified appellee not to sell his wife goods on his credit, the burden rested upon appellee to prove not only that the goods sold were embraced within the term "family expenses," but also to show that the appellant had neglected to furnish them. The law requires the husband to provide his wife and family with that which is necessary for their suitable maintenance according to their station in life. Ordinarily he will be presumed to assent to the wife making such purchases as in the conduct of the domestic concerns are proper for her management and supervision. This pre-

sumption ceases when he gives the merchant notice not to sell on his credit, and he can not, by sales made after such notice, be bound, unless he neglects to procure supplies necessary to the condition and situation of his family. Schouler's Domestic Relations, Secs. 63–76; Rea v. Durkee, 25 Ill. 503; Bevier v. Galloway, 71 Ill. 517.

The burden of proof was upon appellant, first, to establish his notice not to sell, and having proven that, the burden shifted upon appellee to prove that appellant failed to furnish the necessary and suitable support to his wife and family.

It appears from the evidence that appellant made provision for his wife purchasing goods at the store of one Harrison, and there is no evidence whatever to show that he refused to furnish any necessaries that could not be found in Harrison's stock of goods. Clearly, the verdict of the jury is wrong, under the evidence.

Judgment reversed and cause remanded.