## National Council of the Knights and Ladies of Security v. Bridget Burch.

### Gen. No. 12,385.

1. FORFEITURE—*when acceptance of assessment waives.* Where a member of a fraternal benefit society is in default by reason of non-payment of dues and thereby stands suspended subject to the payment of such dues within a specified time, the acceptance of such dues by the local council of the society after the expiration of such time is a waiver of the forfeiture.

2. SUSPENSION—*when by-law relating to, self-executory.* In this case a by-law providing for suspension in the event of non-payment of dues, held, self-executory.

3. SUSPENSION—*when cannot be waived.* A suspension for non-payment of dues cannot be waived by an agent of a fraternal benefit society by the acceptance of dues after the death of the member under suspension.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed April 5, 1906.

A. W. FULTON, for appellant.

BASTRUP & O'NEILL, for appellee.

16     Appellate Courts of Illinois.

Vol. 126.] Nat. Council Knights & Ladies of Security v. Burch.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellant is a fraternal benefit association, organized under the laws of the State of Kansas, its chief office being at Topeka, in said state. Matthew Burch, deceased, husband of appellee, was a member of Monroe Council number 884, located at Chicago, in this state. A beneficiary certificate was issued to him by appellant October 19, 1901, which was countersigned by the president and secretary of Monroe Council, under its corporate seal, November 11, 1901, and was accepted by the deceased. It is provided by a by-law of appellant that the certificate shall not be in force until the person to whom it is issued shall be initiated, and it seems to be agreed between the parties that it took effect November 21, 1901.

The declaration consists of a special count, in the usual form in such cases, and the common counts. The defendant, appellant here, pleaded the general issue, with notice thereunder, that the defendant would show that Matthew Burch was not in good standing at the time of his death; that, at the time of his death, he was in suspension for the non-payment of the assessment for February, 1902, due the defendant, and had been in suspension from, to wit, March 1, 1902, until the date of his death. By the certificate appellant agreed to pay to appellee, wife of Matthew Burch, $1,000; but by section 9 of the certificate of membership it is provided, among other things, that if the member should die within six months after the delivery to him of the certificate, appellant would only be liable to him for sixty per cent. of the amount of the certificate.

The jury found the issues for appellee and assessed her damages at the sum of $681.50, and the court, after overruling a motion of appellant for a new trial, rendered judgment on the verdict.

One of the conditions of the beneficiary certificate was, "the having complied with all of the provisions of the constitution and by-laws of the order, now in force, or that may hereafter be enacted." Burch's application, which by

the certificate, is made a part thereof, contains the following: "I further agree that, should I cease to be a member of the order, either by suspension, expulsion or otherwise, that I hereby release and forfeit all claim whatever to the beneficiary, reserve or national council general funds. I further agree, if accepted as a member of the order, to faithfully abide by all its laws, rules and regulations now enacted, or which may hereafter be enacted."

The following by-laws of appellant were in force when the deceased became a member and continued in force till the time of his death:

"Section 93. (Assessments and dues to be paid without notice.) Before delivering the beneficiary certificate upon the initiation of the member, the financial secretary of a council shall collect one assessment and the local dues from the member, and thereafter on or before the last day of each succeeding month, the member shall, without notice, pay the sum of one assessment and the local dues to the financial secretary, or if holding a national council card, to the national secretary."

"Section 112. (Members suspended by their own act.) The financial secretary of each subordinate council shall keep a book wherein all assessments shall be entered against each member holding a valid certificate. Such entry shall be made bearing date of the first day of the month for the regular assessment, which must be paid on or before the last day of the month. The certificate of each member who has not paid such assessment on or before the last day of the month, shall, by the fact of such non-payment stand suspended without notice, and no act on the part of the council or any officer thereof, or of the national council, shall be required as essential to such suspension, and all rights under such certificate shall be forfeited. No right under such certificate shall be restored until it has been duly reinstated by compliance by the member with the laws of the order with reference to reinstatement."

"Sec. 161. (How a member may be reinstated inside of sixty days.) Any beneficiary member suspended by reason of non-payment of an assessment or assessments may be reinstated upon the following conditions, and none other, viz: If living, and in as good health as when suspended, and if not engaged in any occupation prohibited

18     APPELLATE COURTS OF ILLINOIS.

VOL. 126.] Nat. Council Knights & Ladies of Security v. Burch.

by the laws of the order, at any time within sixty days from such suspension, by payment to the financial secretary of the council of all arrearages on account of assessments and dues, including the pending assessments and dues. Upon such payment being made, the financial secretary shall enter the reinstatement of the member upon the books of his office, and report the same to the council at its next meeting."

The deceased was forty years of age at the date of his admission to membership, and the rate of assessment for persons of that age is fixed by section 95 of the by-laws at $1.10, and the local dues of the subordinate lodge were twenty-five cents, making in all $1.35 due each month.

By section 114 of the by-laws, any person could pay the assessment and local dues of a member.

Matthew Burch died in the evening of March 21, 1902, at 10:50 o'clock.

The financial secretary of the order, Miss Delia M. Hennessy, did not collect his assessment and dues for November, 1901, as prescribed by section 93, *supra*, but at the request of Mrs. Burch, the beneficiary, and appellee here, Miss Hennessy advanced and paid the assessments and dues due for the months of November and December, 1901, and January, 1902. The assessments and dues for those months were paid at the following dates: for November, January 24, 1902; for December, February 21, 1902; for January, February 23, 1902. March 22, 1902, the day after Matthew Burch's death, one A. Daumann, a nephew of the deceased, paid to Miss Hennessy, the financial secretary of the local council, $4.05, the amount of the assessments and dues for February, March and April, 1902. No other payment of said assessments and dues was made.

Miss Hennessy, at the time she received the last-mentioned assessments and dues, did not know that Matthew Burch was dead; but, March 23, 1902, which was Sunday, Daumann telegraphed to her that Burch died at twelve o'clock on Friday, and about April 7 or 8, 1902, Miss Hennessy took the money paid to her by Daumann to Mrs. Burch's house at Dalton, in Cook County, Illinois, and of-

fered Mrs. Burch the money, and asked her for a receipt, which she, Miss Hennessy, had given for the money. Mrs. Burch refused to receive the money or return the receipt, and Miss Hennessy left the money in Mrs. Burch's house. Daumann, at the time he paid the money to Miss Hennessy, knew that the deceased had been injured by a railroad locomotive, on a railroad where he was working, that his arm had been cut off and that he was otherwise injured by the engine, and had been taken to an hospital, and he, Daumann, had visited him at the hospital before paying the money to Miss Hennessy. Daumann, however, testified that he did not know that Burch was dead when he made the payment mentioned.

The November assessment and dues not having been paid in November, the deceased stood suspended December 1, 1902, by virtue of section 112, *supra*, but might have been reinstated by payment of the November assessment and dues at any time within sixty days from November 21st. But he did not pay until January 24, 1902, three days after the expiration of the sixty days, and, therefore, could not then have been reinstated, by payment, under the provisions of section 161 of the by-laws. But the local council, which is the agent of appellant (Order of Foresters v. Schweitzer, 171 Ill. 325; Coverdale v. Royal Arcanum, 193 ib. 91), by accepting payment, February 21st, of the January assessment and dues, waived the forfeiture and reinstated the deceased. Railway Passenger etc. Association v. Tucker, 157 Ill. 194; Grand Lodge, etc., v. Lachmann, 199 ib. 140.

The February assessment and local dues were due February 28, 1902, but were not paid during that month, so that March 1, 1902, the deceased, by virtue of section 112 of the by-laws, was suspended. The February assessment and dues were not paid, but where wholly unpaid, at the time of the death of Matthew Burch. Suspension, as the word is used in the by-laws, can only mean the being excluded from membership, the ceasing to be a member of the order. Therefore, the deceased was not, at the time of

20    APPELLATE COURTS OF ILLINOIS.

VOL. 126.] Nat. Council Knights & Ladies of Security v. Burch.

his death, a member of the appellant order in good standing, or at all a member. The words of section 112 are: "The certificate of each member, who has not paid such assessment on or before the last day of the month, shall, by the fact of such non-payment, stand suspended without notice, and no act on the part of the council, or any officer thereof, or of the national council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited." That this provision is self-executing there can be no doubt. Nat. Union v. Shipley, 92 Ill. App. 355; Lehman v. Clark, 174 Ill. 279, 288, 292; Freckmann v. Supreme Council, etc., 70 N. W. R. (Wis.) 113. By ceasing to pay, the deceased ceased to be a member. Lehman v. Clark, *supra*, p. 289. The financial secretary, in receiving the December and January assessments after they were due, but within sixty days from the dates, respectively, of suspension, acted strictly in accordance with section 161 of the by-laws, which provides for reinstatement by payment within sixty days from the date of suspension. Reinstatement by payment within sixty days is a privilege granted to a suspended member by the by-law; but if he fails to pay an assessment for any month within the time fixed for such payment, and by such failure necessarily submits to suspension, relying on his privilege to become reinstated by payment within sixty days from date of suspension, he does so at his own risk.

In the nature of things, a suspended member cannot be reinstated when dead. A member can only be reinstated while living, and the payment made by Daumann to the financial secretary after Burch's death was of no effect. National Council of Knights and Ladies of Security v. Dillon, 212 Ill. 320; Miller v. Union Cen. L. Ins. Co., 110 ib. 102; Bagley v. Grand Lodge, etc., 31 Ill. App. 618.

In Nat. Council, etc., v. Dillon, *supra*, the assessment for the month of February fell due February 28th, and the by-law provided : "The certificate of each member, who has not paid such assessment before the twenty-eighth day of each month, shall, by the fact of such non-payment, stand

suspended, and no action on the part of the council, or any officer thereof, shall be required as essential to such suspension." The insured did not pay the February assessment within the time limited by the by-law, and the court held that, by·reason of such failure, she was suspended and ceased to be a member of the order. She died March 16, 1900, the February assessment remaining unpaid, and the next day some one paid to the financial secretary, in her behalf, the assessments for February and March, which the financial secretary received, knowing the insured was dead. The court held that the payment did not operate to reinstate the insured and that it was ineffective.

We are unable to escape the conclusion that Matthew Burch was not, at the time of his death, a member of the appellant order in good standing, and the judgment will be reversed.

*Reversed.*